# EXHIBIT 2

```
*1035801565*
```

**IN AND FOR THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

DISTRICT COURT
**F I L E D**

MAR - 3 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | | |
|---|---|---|
| SUMMIT LABELS, INC., *a domestic for-profit corporation,* | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CJ-2017- |
| LIBERTY MUTUAL INSURANCE COMPANY, *a foreign for-profit corporation,* and | ) ) ) | Judge: **CJ-2017-00838** |
| OHIO SECURITY INSURANCE COMPANY, *a foreign for-profit corporation,* | ) ) ) | |
| Defendants. | ) ) | DAMAN CANTRELL |

### PETITION

    **COMES NOW**, Plaintiff, Summit Labels, Inc., an Oklahoma for-profit corporation ("Plaintiff"), by and through its counsel of record James E. Weger and Bradley J. Brown of the law firm Jones, Gotcher & Bogan, P.C., and submits its Petition against Defendant Ohio Security Insurance Company, a foreign for-profit corporation ("Ohio Security"), and Defendant Liberty Mutual Insurance Company, a for-profit corporation ("Liberty") (collectively "Defendants"). In support of its Petition, Plaintiff alleges and states as follows:

### Jurisdiction and Venue

    1.    Plaintiff is a for-profit domestic corporation with a principal place of business in Tulsa County, Oklahoma.

    2.    Ohio Security is a foreign for-profit corporation with a principal place of business located at 62 Maple Avenue, Keene, New Hampshire 03431.

    3.    Ohio Security may be served with legal process through its registered service agent, Lawyers Incorporating Service at 10 Ferry Street S313, Concord, New Hampshire 03301.

4.      Liberty is a foreign for-profit corporation with a principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.

5.      Liberty may be served with legal process through its registered service agent, Corporation Service Company at 84 State Street, Boston, Massachusetts 02109.

6.      The events and transaction which form the basis for this action occurred in Tulsa County, Oklahoma.

7.      This Court has jurisdiction over the parties hereto and the subject matter hereof.

8.      Venue for this action is proper in Tulsa County, Oklahoma.

### General Allegations

9.      Plaintiff re-alleges the allegations in paragraph 1 through 8 herein above as if fully set forth here.

10.      Plaintiff maintained an insurance policy with the Defendants for the period of May 16, 2014, to May 16, 2015 ("Contract").

11.      On March 25, 2015, a severe weather event occurred in the Tulsa metro area which included significant hail.

12.      While insured by Defendants, Plaintiff's real property was damaged by the hailstorm on March 25, 2015.

13.      On March 27, 2015, Plaintiff promptly submitted a claim to the Defendants for adjustment.

14.      Two Tulsa area roofing companies provided statements that Plaintiff's insured building suffered significant hail damage resulting from the severe weather on March 25, 2015, and the building's roof needed to be replaced because of the significant hail damage.

2

15.     Plaintiff's employee who was in the building during the hailstorm on March 25, 2015, heard the sound of large hail chunks banging against the roof.

16.     Despite having this evidence of significant hail damage, Defendants have not paid the claim leaving the Plaintiff damaged, confused, and suffering continuing losses.

17.     In fact, Defendants waited until July 22, 2015, to notify Plaintiff that its claim had been partially denied, and the waited until July 29, 2016, to notify Plaintiff that they had in fact completely denied Plaintiff's claim that was submitted on March 27, 2015, notwithstanding that Oklahoma law requires "the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss." 36 O.S. § 3629(B).

### First Cause of Action – Breach of Contract

18.     Plaintiff re-alleges the allegations in paragraph 1 through 17 herein above as if fully set forth here.

19.     Defendants' delay and refusal to pay the claim has been in breach of the Contract entitling Plaintiff to its damages in amount to be determined at trial but in any event in excess of $75,000.00, plus interest, costs, attorneys' fees and all and any other relief to which the Court deems it entitled.

### Second Cause of Action – Bad Faith

20.     Plaintiff re-alleges the allegations in paragraph 1 through 19 herein above as if fully set forth here.

21.     All of the above actions and omissions of the Defendants have been in violation of their duty of good faith and fair dealing towards their insured.

22.     Defendants' actions and omissions have been unreasonable and in bad faith.

3

23.     The delay, investigation, and statements and contentions against their insured have all caused further damage entitling the Plaintiff to damages in an amount to be determined at trial, but in any event in excess of $75,000.00, plus interest, costs, attorneys' fees, and all and any other relief to which the Court deems it entitled.

24.     Defendants' conduct toward Plaintiff has been outrageous and malicious, or at the very least Defendants' conduct has demonstrated a reckless disregard for Plaintiff's rights, and as a consequence thereof, the Defendants should be punished with the imposition of punitive damages.

**WHEREFORE**, premises considered, Plaintiff Summit Labels, Inc., prays for a judgment on its claims against the Defendants, Liberty Mutual Insurance Company, and Ohio Security Insurance Company, in a compensatory amount to be determined at trial but in any event in excess of $75,000.00, plus statutory interest under 36 O.S. § 3629, punitive damages, costs, attorneys' fees, and all and any other relief to which the Court deem it entitled.

Respectfully submitted,

**JONES, GOTCHER & BOGAN, P.C.**

James E. Weger, OBA 9437
Bradley J. Brown, OBA 31003
15 E. 5th Street, Suite 3800
Tulsa, OK 74103
Telephone:     918-581-8200
Facsimile:     918-583-1189
jweger@jonesgotcher.com
bbrown@jonesgotcher.com
*Attorneys for Plaintiff*

4