# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUMMIT LABELS, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-CV-162-TCK-FHM |
| LIBERTY MUTUAL INSURANCE COMPANY; and OHIO SECURITY INSURANCE COMPANY, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Defendant Liberty Mutual Insurance Company's Motion to Dismiss (Doc. 14) ("Motion to Dismiss") pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").

**I.   Factual Allegations in Complaint**

Plaintiff Summit Labels, Inc. suffered hail damage to its roof following a severe weather event occurring on March 25, 2015. Plaintiff alleges that it maintained a policy of insurance with both Defendants, Liberty Mutual Insurance Company ("Liberty") and Ohio Security Insurance Company ("Ohio Security"). (Compl. ¶ 10.) Plaintiff sued Liberty and Ohio Security for breach of contract and bad faith in conjunction with the partial denial of its insurance claim.

**II.   Motion to Dismiss**

Liberty moves to dismiss on grounds that it is not the insurer under the relevant insurance contract and that Plaintiff's claims must be filed solely against Ohio Security. As evidence in support of its motion, Liberty attached pages 23-36 of a document that appears to be a total of 192 pages. (*See* Doc. 14-1.) Liberty represents that these pages are the "Policy Declarations" for Policy No. BKS (15) 55 52 68 01 ("Policy Declarations"). Plaintiff does not dispute the accuracy or authenticity of the Policy Declarations. Instead, Plaintiff argues they are not incorporated into the

Complaint. The Policy Declarations correspond with the dates of coverage alleged in the Complaint, are part of the insurance policy, and are incorporated into the Complaint by reference. (*See* Compl. ¶ 10.) Therefore, they may be considered at the Rule 12(b)(6) stage without converting the motion to one for summary judgment.

Plaintiff made arguments in its briefs regarding Liberty's ownership of Ohio Security and the "Liberty" email addresses of representatives with whom Plaintiff corresponded. None of these facts are alleged in the Complaint or supported by record evidence, and the Court will therefore not consider them in ruling on the Motion to Dismiss.

### A. Rule 12(b)( 6) Standard

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (1Oth Cir. 2007).

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins*, 519 F .3d at 124 7. Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.*

2

"This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248.

### B. Analysis

Defendant has failed to meet its burden of showing that Ohio Security bears the risk on the policy or is definitively the entity in privity of contract with Plaintiff. First, Liberty did not submit the entire policy, which the Court finds necessary for establishing the parties thereto. Second, the Policy Declarations contain the Liberty logo right next to the statement that coverage is "provided in" Ohio Security. Therefore, Liberty's evidence is not sufficient to demonstrate that Plaintiffs have no plausible claim against Liberty or that Ohio Security is the actual and exclusive insurer.

## III. Conclusion

The Motion to Dismiss (Doc. 14) is DENIED.

**DATED THIS 5th day of September, 2017.**

*[signature: Terence C. Kern]*

**TERENCE C. KERN**
**United States District Judge**